## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION

---

**VERONICA EDMONDSON,**
**and ANNECIA L. DONIGAN**

**Plaintiff,**

**v.**  **No.:**  **3:23-cv-00209**
**Jury Demanded**

**METROPOLITAN GOVERNMENT OF NASHVILLE**
**AND DAVIDSON COUNTY, TENNESSEE,**
**RICHARD ROOKER, individually and in his official**
**capacity as the Davidson County Circuit Court Clerk,**
**JOSEPH P. DAY, individually and in his official**
**capacity as the Davidson County Circuit Court Clerk,**
**and other unnamed and unknown individuals.**

**Defendants.**

---

### AMENDED COMPLAINT

---

Comes now the Plaintiffs, Veronica Edmondson and Annecia L. Donigan, by and through their attorney of record, Paul Forrest Craig, and sues the Defendants Metropolitan Government of Nashville and Davidson County, Tennessee, Richard Rooker, individually and in his official capacity as Davidson County Circuit Court Clerk, and Joseph P. Day, individually and in his official capacity as Davidson County Circuit Court Clerk, and other individuals who are unknown and unnamed at this time, and for cause would show unto the Honorable Court as follows:

Parties

1. Veronica Edmondson (hereinafter referred to as "Plaintiff Edmondson") is a resident of the County of Dickson, State of Tennessee.

2. Annecia L. Donigan (hereinafter referred to as "Plaintiff Donigan") is a resident of the County of Davidson, State of Tennessee.

3. That Defendant Metropolitan Government of Nashville and Davidson County, Tennessee is a metropolitan government organized under the laws of the State of Tennessee and may be served with process at the Office of the County Mayor, John Cooper, 1 Public Square, Ste. 100, Nashville, TN 37201 .

4. That Defendant Richard Rooker was the Circuit Court Clerk for Davidson County, Tennessee  and may be served with process at his residence located at1243 Riverwood Drive, Nashville, TN 37216 . That in his position as Circuit Court Clerk, Defendant Rooker also managed the Civil Division of the General Sessions Court of Davidson County, Tennessee.

5. That Defendant Joseph P. Day is the Circuit Court Clerk for Davidson County, Tennessee, and may be served with process a his office located at 1 Public Square, Room 301, Nashville, TN 37201. That in his position as Circuit Court Clerk, Defendant Day also managed the Civil Division of the General Sessions Court of Davidson County, Tennessee.

6. That there is believed to be others who at the present time or unknown and unnamed  individuals. The identity of these individuals is expected to be revealed throughout the course of this litigation and upon discovery the Plaintiff will amend said complaint to include these individuals.

Jurisdiction

The jurisdiction of this Honorable Court of the matters complained of herein is predicated and founded upon violation of the Civil Rights Act (42 U.S.C. Sec. 1983) for violations of rights under the United States Constitution, namely denial of free speech rights under Amendment I; conspiracy to violate the Civil Rights of the Plaintiff (42 U.S.C. Sec. 1985) ); violation of Title

VII of the Civil Rights Act (sex discrimination, 42 U.S.C. Sec. 2000e-2); and violation of Age Discrimination in Employment Act (age discrimination, 29 U.S.C. Sec. 623) .

Venue is proper in the fact that events which make up this cause of action occurred in and around Davidson County, Tennessee which is located in the Middle District, Nashville Division of the State of Tennessee.

That the damages sought in the matter in controversy and to which the plaintiff believes they are entitled exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. 1332.

Jury Demand

The Plaintiff demands a jury to try this cause when the issues are joined.

Facts Common to All Claims

1.     That at all times complained of Defendants Richard Rooker, and Joseph P. Day acted as agents to the principal Defendant Metropolitan Government of Nashville and Davidson County, Tennessee. And, principal, Defendant Metropolitan Government of Nashville and Davidson County, Tennessee, at all times complained of ratified the actions of its agents, Defendants Richard Rooker, and Joseph P. Day.

2.      That at all times complained of Defendants Metropolitan Government of Nashville and Davidson County, Tennessee, and Joseph P. Day acted as agents to the principal Defendant Richard Rooker. And, principal, Defendant Richard Rooker, at all times complained of ratified the actions of its agents, Defendants Metropolitan Government of Nashville and Davidson County, Tennessee, and Joseph P. Day.

3.     That at all times complained of Defendants Metropolitan Government of Nashville and Davidson County, Tennessee, and Richard Rooker acted as agents to the principal Defendant Joseph P. Day. And, principal, Defendant Joseph P. Day, at all times complained of

ratified the actions of its agents, Defendants Metropolitan Government of Nashville and Davidson County, Tennessee, and Richard Rooker.

4. That at all times complained of the Defendants operated under the color of state law.

**Veronica Edmondson**

5. That Veronica Edmondson was hired by Defendant Metropolitan Government of Nashville and Davidson County, Tennessee in January, 2002 for the position of Deputy Circuit Court Clerk to work in the Davidson County Circuit Court.

6. Approximately 3 months after she was hired, Plaintiff Edmondson was promoted to the position of Court Clerk of Emergency Committal Docket.

7. On August 31, 2022, Plaintiff Edmondson was terminated from her position with the Davidson County Circuit Court Clerk's Office.

8. At the time of her termination, the Plaintiff Edmonson was a female.

9. At the time of her termination, the Plaintiff Edmonson was 49 years of age.

10. That at the time of her termination, the Plaintiff Edmondson was a female and as such is a member of a protected class under Title VII of the Civil Rights Act of 1964 (42 U.S.C. Sec. 2000e *et seq*).

11. That as evidenced by the length of her tenure in her position with Defendant Metropolitan Government Plaintiff Edmondson was qualified for the position that she held.

12. Plaintiff Edmondson was replaced by a male individual who is not a member of a protected class under Title VII of the Civil Rights Act of 1964.

13. Plaintiff Edmondson suffered adverse employment action when she was terminated on August 31, 2022.

14. That at the time of her termination, Plaintiff Edmondson was over the age of 40 years and as such is a member of a protected class under Age Discrimination In Employment Act ("ADEA") (29 U.S.C. Sec. 621 *et seq*).

15. That as evidenced by the length of her tenure in her position with Defendant Metropolitan Government Plaintiff Edmondson was qualified for the position that she held.

16. Plaintiff Edmondson was replaced by a male individual who was significantly younger that she was and who is not a member of a protected class under ADEA.

17. Plaintiff Edmonson suffered adverse employment action when she was terminated on August 31, 2022.

18. Plaintiff Edmondson filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on May 11, 2023 alleging sexual discrimination and age discrimination. (A copy of which is attached as Exhibit "A").

19. On May 30, 2023, Plaintiff Edmondson received a "Right to Sue Letter" from the EEOC. (A copy of which is attached as Exhibit "B").

20. Plaintiff Edmondson successfully served in the capacity of Deputy Circuit Court Clerk for a period of over twenty years.

21. Based upon information and belief during her over twenty year tenure with the Davidson County Circuit Court Clerk's office, Plaintiff Edmondson received raises that were comparable to others who were in the employ of the Davidson County Circuit Court Clerk's office.

22. During her twenty year tenure as Deputy Circuit Court Clerk, Plaintiff Edmondson received satisfactory and favorable evaluations.

23. During her twenty year tenure as Deputy Circuit Court Clerk, Plaintiff

Edmondson never had any disciplinary issues with her job performance.

24.     Prior to taking her position with Davidson County Circuit Court Clerk's office, Plaintiff Edmondson had attained a Bachelor of Science in Criminal Justice from Middle Tennessee State University. Further, the Plaintiff had attained a certification as a paralegal.

25.     At the time of her termination, Plaintiff Edmondson was receiving an approximate annual salary of $51,234.00.

26.     Since the date of her termination, Plaintiff Edmondson has diligently been searching to attain another employment position.

27.     While in the employ of Defendant Metropolitan Government of Nashville and Davidson County, Tennessee, Plaintiff Edmondson was asked by Defendant Rooker to recommend students from Plaintiff Edmondson's paralegal school. This request was because Defendant Rooker was so impressed with Plaintiff Edmondson's job performance.

**ANNECIA L. DONIGAN**

28.     That Annecia L. Donigan  was hired by Defendant Metropolitan Government of Nashville and Davidson County, Tennessee in September, 1996 for the position of Deputy Circuit Court Clerk to work in the Davidson County Circuit Court.

29.     Approximately 10 years after she was hired, Plaintiff Donigan was assigned more duties as Deputy Court Clerk for the General Sessions Court of Davidson County, Tennessee. While in this position, she was under the direct supervision of Defendant Rooker. Her last position with Defendant Metropolitan Government was over the Order of Protection Docket.

30.     On August 31, 2022, Plaintiff Donigan was terminated from her position with the Davidson County Circuit and General Session's Court Clerk's Office.

31.     At the time of her termination, the Plaintiff Donigan was a female.

32. At the time of her termination, the Plaintiff Donigan was 49 years of age.

33. That at the time of her termination, the Plaintiff Donigan was a female and as such is a member of a protected class under Title VII of the Civil Rights Act of 1964 (42 U.S.C. Sec. 2000e *et seq*).

34. That as evidenced by the length of her tenure in her position with Defendant Metropolitan Government Plaintiff Donigan was qualified for the position that she held.

35. Plaintiff Donigan was replaced by a male individual who is not a member of a protected class under Title VII of the Civil Rights Act of 1964.

36. Plaintiff Donigan suffered adverse employment action when she was terminated on August 31, 2022.

37. That at the time of her termination, Plaintiff Donigan was over the age of 40 years and as such is a member of a protected class under ADEA (29 U.S.C. Sec. 621 *et seq*).

38. That as evidenced by the length of her tenure in her position with Defendant Metropolitan Government Plaintiff Donigan was qualified for the position that she held.

39. Plaintiff Donigan was replaced by a male individual who was significantly younger that she was and who is not a member of a protected class under ADEA.

49. Plaintiff Donigan suffered adverse employment action when she was terminated on August 31, 2022.

50. Plaintiff Donigan filed a Charge of Discrimination with the EEOC on May 15, 2023 alleging sexual discrimination and age discrimination. (A copy of which is attached as Exhibit "C").

51. On May 30, 2023, Plaintiff Donigan received a "Right to Sue Letter" from the EEOC. (A copy of which is attached as Exhibit "D").

52. Plaintiff Donigan successfully served in the capacity of Deputy Circuit and General Sessions Court Clerk for a period of approximately twenty-six years.

53. Plaintiff Donigan would have been eligible for retirement during 2023.

54. Based upon information and belief during her approximate twenty-six year tenure with the Davidson County Circuit and General Sessions Court Clerk's office, Plaintiff Donigan received raises that were comparable to others who were in the employ of the Davidson County Circuit and General Sessions Court Clerk's office.

55. During her approximate twenty-six year tenure as Deputy Circuit and General Sessions Court Clerk, Plaintiff Donigan received satisfactory and favorable evaluations.

56. During her approximate twenty-six year tenure as Deputy Circuit and General Sessions Court Clerk, Plaintiff Donigan never had any disciplinary issues with her job performance.

57. While in her position with Davidson County Circuit and General Sessions Court Clerk's office, the Plaintiff attained a Master of Science in Professional Counseling from Argosy University.

58. At the time of her termination, Plaintiff Donigan was receiving an approximate annual salary of $55,000.00.

59. Since the date of her termination, Plaintiff was able to attain another employment position.

**EDMONDSON AND DONIGAN**

60. On or about September 27, 2021, the Circuit Court Clerk for Davidson County, Tennessee, Defendant Richard Rooker announced that he would not be seeking re-election for the position that he held as Circuit Court Clerk.

61. Defendant Rooker held the position of Davidson County Circuit Court Clerk since 1993, when he was appointed to replace his father who held the position prior to him. This position required that he manage the General Sessions Court of Davidson County, Tennessee.

62. At the time of his September 27, 2021 announcement of not seeking re-election, Defendant Rooker also announced that he was endorsing Defendant Joseph P. Day's candidacy for his election to the position of Davidson County Circuit Court Clerk. Further, Defendant Rooker asked that his staff support the candidacy of Defendant Day.

63. In his position as Davidson County Circuit Court Clerk, Defendant Rooker was the supervisor and oversaw and managed the staff of the Davidson County Circuit Court and General Sessions Court office. This staff included individuals situated such as the Plaintiffs in this action.

64. After his September 27, 2021 announcement, Defendant Rooker made it clear to his staff that they were expected to support the candidacy of Defendant Day, and they were expected to work on the campaign of Defendant Day.

65. This expectation of support for candidacy was in line with actions which Defendant Rooker had taken in past elections. He had required that his staff recruit individuals in order to place campaign signs in yards.

66. Defendant Rooker went so far as to make an announcement at a campaign function that any employees of the Davidson County Circuit Court's office who did not support Defendant Day would no longer have positions after the election.

67. During their tenures at the Davidson County Circuit Court's Office, Plaintiff Edmondson and Plaintiff Donigan (hereinafter collectively referred to as "Plaintiffs") did not endorse or support any candidate in the August 4, 2022 election for Davidson County Circuit

Court Clerk.

68. As a Deputy Circuit Court Clerk for Davidson County, the Plaintiffs are employees of Defendant Metropolitan Government for Nashville and Davidson County, Tennessee (hereinafter referred to as ("Defendant Metropolitan Government").

69. The First Amendment of the United States Constitution reads as follows:

> Congress shall make no law respecting an establishment of religion, or prohibiting **the free exercise thereof; or abridging the freedom of speech**, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances. [Emphasis added.]

70. The Plaintiffs' choice to neither endorse or support any candidate in the August 4, 2022 election for Davidson County Circuit Court Clerk is an exercise of their First Amendment right to be free from governmental interference with her "free speech" rights. The Plaintiffs' silence is protected as the exercise of free political speech.

71. Defendant Day won the election in May, 2022. He was unopposed in the August 4, 2022 election as Davidson County Circuit Court Clerk. On September 1, 2022, he was installed as the new Davidson County Circuit Court Clerk.

72. After the August 4, 2022 Davidson County Circuit Court Clerk election, on August 31, 2022 the Plaintiffs were terminated from their positions as Deputy Circuit Court Clerk and Deputy Clerk of the General Sessions Court without notice and without cause. This termination came after the Plaintiffs had successfully held this position for in excess of twenty years.

73. At the same time that the Plaintiffs were terminated, there were two other employees, all of whom were female, of the Davidson County Circuit Court and General Sessions Court Clerk's office that were also terminated.

74. Based upon information and belief, all of the Davidson County Circuit Court

Clerk's Office employees who were terminated on August 31, 2022 neither publicly supported or otherwise endorsed the candidacy of Defendant Day.

75. Defendant Rooker recommended and requested the termination of all of the employees of the Davidson County Circuit Court and General Sessions Court Clerk's Office who were terminated on August 31, 2022.

76. Defendant Rooker was still the Davidson County Circuit Court Clerk on August 31, 2022.

77. Defendant Day ratified and endorsed the August 31, 2022 terminations of the Davidson County Circuit and General Sessions Court Clerk Office employees which were recommended and requested by Defendant Rooker.

78. Defendant Day took no action to stop the August 31, 2022 termination of the Davidson County Circuit and General Sessions Court Clerk Office employees.

79. Defendant Day took no action to reinstate any of the employees of the Davidson County Circuit and General Sessions Court Clerk Office who were terminated on August 31, 2022.

80. Defendant Metropolitan Government ratified and endorsed the August 31, 2022 terminations of the Davidson County Circuit and General Sessions Court Clerk Office employees which were recommended and requested by Defendant Rooker.

81. Defendant Metropolitan Government took no action to stop the August 31, 2022 termination of the Davidson County Circuit and General Sessions Court Clerk Office employees.

82. Defendant Metropolitan Government took no action to reinstate any of the employees of the Davidson County Circuit and General Sessions Court Clerk Office who were terminated on August 31, 2022.

83. After her August 31, 2022 termination, Plaintiff Edmondson applied to received unemployment compensation with the Tennessee Department of Labor.

84. Plaintiff Edmondson was approved to receive unemployment compensation by the Tennessee Department of Labor.

85. That Tennessee Constitution Article 1, Section 4 reads as follows:

That no political or religious test, other than an oath to support the Constitution of the United States and of this State, shall ever be required as a qualification to any office or public trust under this State.

86. That Tennessee Constitution Article 1, Section 19 reads as follows:

That the printing presses shall be free to every person to examine the proceedings of the Legislature; or of any branch or officer of the government, and no law shall ever be made to restrain the right thereof. The free communication of thoughts and opinions, is one of the invaluable rights of man, and every citizen may freely speak, write, and print on any subject, being responsible for the abuse of that liberty. But in prosecutions for the publication of papers investigating the official conduct of officers, or men in public capacity, the truth thereof may be given in evidence; and in all indictments for libel, the jury shall have a right to determine the law and the facts, under the direction of the court, as in other criminal cases.

87. That the Plaintiffs suffered adverse employment action at the hands of Defendants Rooker, Day and Metropolitan Government when she was terminated on August 31, 2022.

88. That the August 31, 2022 termination of the Plaintiffs violated the First Amendment of the United States Constitution, and Article 1, Sections 4 and 19 of the Tennessee State Constitution.

89. That the First Amendment of the United States Constitution explicitly granted rights to the Plaintiffs.

90. That Article 1, Sections 4 and 19 of the Tennessee State Constitution explicitly granted rights to the Plaintiffs.

91. Defendants Rooker, Day and Metropolitan Government violated the Plaintiff's

rights under the First Amendment of the United States Constitution.

92.     Defendants Rooker, Day and Metropolitan Government violated the Plaintiffs' rights under Article 1, Sections 4 and 19 of the Tennessee State Constitution.

93.     The termination of the Plaintiffs by Defendants Rooker, Day, and Metropolitan Government an act of retaliation against the Plaintiffs in retaliation for exercising their constitutionally protected activity.

94.     At the time of her termination, the Plaintiffs were qualified for the positions that they held with the Metropolitan Government of Nashville and Davidson County, Tennessee.

95.     At the time of her termination, Plaintiff Edmondson was making an annual salary of approximately $52,000.00 plus a full medical benefits package.

96.     At the time of her termination, Plaintiff Donigan was making an annual salary of approximately $55,000.00 plus a full medical benefits package. In addition, she was within one year from being able to retire from the position. As a direct and proximate cause of the August 31, 2022 termination, Plaintiff Donigan  must wait a period of ten (10) years in order to begin drawing her retirement.

97.     That all of the actions taken by the Defendants in this cause constitute state action.

98.     That all of the actions taken by the Defendants against the Plaintiffs in this cause was done in compliance with the policies, procedures and customs of Defendant Metropolitan Government.

99.     Further, Defendant Metropolitan Government failed to adequately train its employees and officers to not take retaliatory actions against individuals exercising their First Amendment rights and rights under the Tennessee State Constitution.

100. Further, Defendant Metropolitan Government failed to properly supervise its employees and officer to not take retaliatory actions against individuals exercising their First Amendment rights and rights under the Tennessee State Constitution.

101. That all of the actions of the Defendants culminated in the employees and officers of Defendant Metropolitan Government conspiring to violate the First Amendment rights of the Plaintiffs and rights under the Tennessee State Constitution.

102. That at the time of their termination, the Plaintiffs were female and as such is a member of a protected class under Title VII of the Civil Rights Act of 1964 (42 U.S.C. Sec. 2000e *et seq*).

103. That as evidenced by the length of her tenure in their positions with Defendant Metropolitan Government Plaintiffs were qualified for the positions they held.

104. The Plaintiffs were replaced by a male individuals who are not a member of a protected class under Title VII of the Civil Rights Act of 1964.

105. The Plaintiffs suffered adverse employment action when they were terminated on August 31, 2022.

106. That at the time of their termination, the Plaintiffs were over the age of 40 years and as such is a member of a protected class under ADEA (29 U.S.C. Sec. 621 *et seq*).

107. That as evidenced by the length of their with Defendant Metropolitan Government Plaintiffs were qualified for the positions that they held.

108. The Plaintiffs were replaced by male individuals who were significantly younger that she was and who is not a member of a protected class under ADEA.

109. The Plaintiffs suffered adverse employment action when they were terminated on August 31, 2022.

110. The due to the Defendants' violation of the Plaintiffs' constitutional rights in contravention of the Civil Rights Act (42 U.S.C. Sec. 1983), for conspiracy to violate Civil Rights (42 U.S.C. Sec. 1985), for violations of Title VII of 1964 (for sex discrimination); and for violations of ADEA (age discrimination) Plaintiff s seek compensatory (in the form of both back and front pay, reinstatement, and liquidated damages), special and punitive damages in an amount of One Million Three Hundred and Ninety-two Thousand ($1,392,000.00) Dollars; Plaintiff Donigan seeks compensatory (in the form of both back and front pay, reinstatement, and liquidated damages), special and punitive damages in an amount of One Million Three Hundred and Forty-five Thousand ($1,345,000.00) Dollars.

Count One

Violation of 42 U.S.C. Sec. 1983

111. The Plaintiffs restate, reiterate and incorporate by reference all of the allegations contained in paragraphs 1-110 as if set forth herein verbatim.

112. Defendants insisted that the employees of the Davidson County Circuit Court and General Sessions Clerk's office support the candidacy of Defendant Day for the position of Davidson County Circuit Court Clerk.

113. The Plaintiffs did not endorse the candidacy of Defendant Day.

114. Defendant Day won the August 4, 2022 election for Davidson County Circuit Court and General Sessions Court Clerk,

115. On August 31, 2022, the Plaintiffs were terminated from their positions with the Davidson County Circuit and General Sessions Court Clerk's office.

116. The political activities for which the Plaintiffs engaged are protected under the First Amendment of the constitution of the United States. Choosing to not support any candidate

is protected under the First Amendment of the United States Constitution.

117.   The political activities for which the Plaintiffs engaged are protected under the Article 1, Sections 4 and 19 of the Tennessee State Constitution. Choosing to not support any candidate is protected under Article 1, Sections 4 and 19 of the Tennessee State Constitution.

118.   The First Amendment to the United States Constitution, applied to the states through the Fourteenth Amendment to the United States Constitution, guarantees the right of political expression and association, and a lawsuit may be brought under 42 U.S.C. § 1983 if a public employee is discharged, demoted, or otherwise subjected to punishment in retaliation for the exercise of the employee's constitutional rights to political expression and association. *See, e.g., Rutan v. Republican Party of Illinois*, 497 U. S. 62 (1990).

119.   There is a very limited exception to this rule. The Supreme Court has recognized that the government has an interest in securing employees who will loyally implement the policies of its democratically elected officials. In *Elrod v. Burns,* 427 U.S. 347 (1976), the Court found that politically loyal employees are necessary "to the end that representative government not be undercut by tactics obstructing the implementation of policies of the new administration, policies presumably sanctioned by the electorate."

120.   While political patronage dismissals normally violate the First Amendment, the Court has recognized an exception that termination of public employees in policymaking or confidential positions may be based solely on political affiliation without violating the First Amendment. *Elrod v. Burns,* 427 U.S. 347 (1976)*; Branti v. Finkel,* 445 U.S. 507 (1980). This exception is a very narrow one and applies to only a few county employees. An examination of the nature of the employee's responsibilities on a case-by-case basis is necessary.  Several cases have been decided by the Sixth Circuit Court of Appeals that illustrate the limited nature of this

exception: *Hager v. Pike County Board of Education*, 286 F.3d 366 (6th Cir. 2001) (teacher not within exception); *Heggen v. Lee*, 284 F.3d 675 (6th Cir. 2002) (deputy sheriffs not within exception); *York v. Purkey*, 2001 WL 845554 (6th Cir. 2001) (sheriff's employees not within exception); *Rose v. Stephens*, 291 F.3d 917 (6th Cir. 2002) (state police commissioner fell within exception); *Justice v. Pike Co. Board of Education,* 348 F.3d 554 (6thCir. 2003) (teacher not within exception); *Summe v. Kenton County Clerk's Office*, 604 F.3d 257 (6th Cir. 2010) (chief deputy county clerk fell within exception); *Ray v. Davis*, 528 Fed. Appx. 453 (6th Cir. 2013) (business manager for county trustee fell within exception); *Peterson v. Dean*, 777 F.3d 334 (6th Cir. 2015) (county administrators of elections fell within exception).

121. The position of the Plaintiffs with the Davidson County Circuit and General Sessions Court Clerk's office does not fall within this exception, as defined by the Sixth Circuit Court of Appeals.

122. Newly elected officials often want to terminate all employees and have them apply for employment, believing that this will eliminate First Amendment issues. However, a refusal to rehire is not treated any differently than a termination for purposes of First Amendment analysis. *See Heggen v. Lee*, 284 F.3d 675 (6th Cir. 2002).

123. The political activities for which the Plaintiffs engaged did not interfere with the performance of her duties as an officer of Defendant Metropolitan Government.

124. The Defendants were aware of the political activities of the Plaintiffs.

125. The Defendants took such action in an effort to prohibit the free exercise of political speech.

126. The Defendants took such action in retaliation of the free exercise of political speech.

127. That the actions of the Defendants were taken in compliance with the policies, procedures and customs of the Defendant Metropolitan Government.

128. That Defendant Metropolitan Government failed to properly train its employees which resulted in these actions being taken against the Plaintiffs.

129. That Defendant Metropolitan Government failed to properly supervise its employees which result in these action being taken against the Plaintiffs.

130. The actions of the Defendants constitutes a violation of the First Amendment rights and rights under the Tennessee State Constitution of the Plaintiffs.

131. As the direct and proximate result of the violation of the Plaintiffs' constitutional rights the Plaintiffs have been damaged in an amount to be proven at a hearing of this cause.

Count Two

Violation of 42 U.S.C. Sec. 1985

132. The Plaintiffs restate, reiterate and incorporate by reference all of the allegations contained in paragraphs 1-131 as if set forth herein verbatim.

133. It is well settled that terminating an employee after an election for failure to support a certain candidate violates the constitutional rights of an individual who is so terminated.

134. The acts and/or acts of omissions of the various Defendants conspired in a manner to violate the constitutional rights of the Plaintiffs.

135. Because of the acts and/or acts of omissions the constitutional rights of the Plaintiffs were in fact violated by the Defendants.

136. As such, the Defendants by their acts and acts of omissions did violated 42 U.S.C. Sec. 1985.

137. As the direct and proximate result of the violation of the Plaintiffs' constitutional rights (both under the United States Constitution and the Tennessee State Constitution), and the Defendants engaging in a conspiracy to so violated, the Plaintiffs have been damaged in an amount to be proven at a hearing of this cause.

Count Three

Violation of Title VII of the Civil Rights Act (42 U.S.C. Sec. 2000e)

(Sexual Discrimination)

138. The Plaintiffs restate, reiterate and incorporate by reference all of the allegations contained in paragraphs 1-137 as if set forth herein verbatim.

139. At the time of their termination, the Plaintiffs were females and as such members of a protected class under Title VII of the Civil Rights Act of 1964 (42 U.S.C. Sec. 2000e *et seq*).

140. 42 U.S.C. Sec. 2000e-2(a) reads as follows:

**(1)** to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, **sex**, or national origin; or

**(2)** to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, **sex**, or national origin. [Empasis added.]

141. As evidenced by the length of their tenure in positions with Defendant Metropolitan Government the Plaintiff were qualified for the positions they held.

142. The Plaintiffs were replaced by male individuals who are not members of a protected class under Title VII of the Civil Rights Act of 1964.

143. The Plaintiffs suffered adverse employment action when they were terminated on August 31, 2022.

144.    Plaintiff Edmondson filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC")  on  May 11, 2023 alleging sexual discrimination. (Exhibit "A").

145.    Plaintiff Donigann filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC")  on  May 15, 2023 alleging sexual discrimination. (Exhibit "C").

146.    On May 30, 2023, Plaintiff Edmondson  received a "Right to Sue Letter" from the EEOC. (Exhibit "B").

147.    On May 30, 2023, Plaintiff Donigan  received a "Right to Sue Letter" from the EEOC. (Exhibit "D").

148.    If the Defendants assert that Plaintiffs' termination was part of a reorganization plan, said plan failed to comply with Title VII in the fact that the only individuals terminated in accordance with said plan were females and members of a protected class under Title VII.

149.    That all of the actions taken by the Defendants in this cause constitute state action.

150.    That all of the actions taken by the Defendants against the Plaintiffs  in this cause were done in compliance with the policies, procedures and customs of Defendant Metropolitan Government.

151.    Further, Defendant Metropolitan Government failed to adequately train its employees and officers to not take action which violate Title VII of the Civil Rights Act.

152.    Further, Defendant Metropolitan Government failed to properly supervise its employees and officer to not take action which violate Title VII of the Civil Rights Act.

153.    The actions of the Defendants in this cause were done intentionally, willfully and

in reckless disregard of the Plaintiffs' rights under Title VII as such the Plaintiffs should be entitled to liquidated damages due to the Defendants actions in this matter.

154. As the direct and proximate result of the violation of the Plaintiffs' rights under Title VII of the Civil Rights Act, the Plaintiffs have been damaged in an amount to be proven at a hearing of this cause.

Count Four

Violation of Age Discrimination in Employment Act (29 U.S.C. Sec. 623)

(Age Discrimination)

155. The Plaintiffs restate, reiterate and incorporate by reference all of the allegations contained in paragraphs 1-154 as if set forth herein verbatim.

156. That at the time of their termination, the Plaintiffs were over the age of 40 years and as such members of a protected class under Age Discrimination In Employment Act ("ADEA") (29 U.S.C. Sec. 621 *et seq*).

117 29 U.S.C. Sec. 623(a) reads as follows:

(a)EMPLOYER PRACTICESIt shall be unlawful for an employer—

(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;

(2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or

(3) to reduce the wage rate of any employee in order to comply with this chapter.

157. That as evidenced by the length of their tenure in positions with Defendant Metropolitan Government the Plaintiffs were qualified for the position that she held.

158. The Plaintiffs were replaced by male individuals who were significantly younger that and who not a members of a protected class under ADEA.

159. The Plaintiffs suffered adverse employment action when they were terminated on August 31, 2022.

160. Plaintiff Edmondson filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on May 11, 2023 alleging age discrimination. (Exhibit "A").

161. Plaintiff Donigan filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on May 15, 2023 alleging age discrimination. (Exhibit "C").

162. On May 30, 2023, Plaintiff Edmondson received a "Right to Sue Letter" from the EEOC. (Exhibit "B").

163. On May 30, 2023, Plaintiff Donigan received a "Right to Sue Letter" from the EEOC. (Exhibit "D").

164. If the Defendants assert that Plaintiffs' termination were part of a reorganization plan, said plan failed to comply with ADEA in the fact that the only individuals terminated in accordance with said plan were females and members of a protected class under ADEA.

165. That all of the actions taken by the Defendants in this cause constitute state action.

166. That all of the actions taken by the Defendants against the Plaintiff in this cause was done in compliance with the policies, procedures and customs of Defendant Metropolitan Government.

167. Further, Defendant Metropolitan Government failed to adequately train its employees and officers to not take action which violate ADEA.

168. Further, Defendant Metropolitan Government failed to properly supervise its

employees and officer to not take action which violate ADEA.

169.    As the direct and proximate result of the violation of the Plaintiffs' rights under Age Discrimination in Employment Act,  the Plaintiffs have been damaged in an amount to be proven at a hearing of this cause.

WHEREFORE, premises considered, the Plaintiffs pray:

1.    That proper process and notice issue and be served upon the Defendants herein requiring them to answer this Complaint.

2.    That the Plaintiffs reserve the right to amend the complaint.

3.    That upon a hearing of this cause that the matters in controversy be decided by a jury.

4.    That upon a hearing of this cause, the Plaintiffs be awarded damages both compensatory (in the form of both front and back pay,  reinstatement to positions, and liquidated damages), special and punitive in an amount to be proven at a hearing of the cause.

5.    That upon a hearing of this cause, the Plaintiff be awarded attorney fees and appropriate court cost and expenses for having to bring this action.

6.    For such other and further relief as may be just and proper within these premises.

Respectfully submitted,

s/Paul Forrest Craig
PAUL FORREST CRAIG #018359
Attorney for Plaintiffs
44  N. Second St., Ste. 600
Memphis, TN 38103
(901) 526-7837