IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| VERONICA EDMONDSON and ANNECIA L. DONIGAN, Plaintiffs, | ) ) ) ) | |
| v. | ) ) | NO. 3:23-cv-00209 |
| METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE, | ) ) ) ) | District Judge Samuel H. Mays, Jr. |
| | ) | JURY DEMAND |
| RICHARD ROOKER, individually and in his official capacity as the Davidson County Circuit Court Clerk, | ) ) ) ) | |
| JOSEPH P. DAY, individually and in his Official capacity as the Davidson County Circuit Court Clerk, and | ) ) ) ) | |
| Other unnamed and unknown individuals. Defendants. | ) ) ) | |

## RICHARD ROOKER'S ANSWER TO AMENDED COMPLAINT

Comes now Defendant Richard Rooker and for answer to the Amended Complaint would show as follows:

1-3.    Admitted upon information and belief.

4-5.    Admitted

6.    It is denied that Plaintiffs have any claim as to Mr. Rooker or "others" who are allegedly "unknown" by the Plaintiffs.

*Page 1 of 17*

Case 3:23-cv-00209    Document 30    Filed 07/10/23    Page 1 of 17 PageID #: 168

### Jurisdiction and Venue

It is denied that Plaintiffs have any valid claims against Mr. Rooker, but it is admitted that, based upon Plaintiffs' yet unproven allegations, jurisdiction and venue are proper. It is denied that Plaintiffs suffered any constitutional injury or damages or that Plaintiffs were victims of a conspiracy, and Mr. Rooker demands strict proof thereof.

### Jury Demand

This paragraph contains no allegations of fact directed at Mr. Rooker, therefore no response is required. It is denied that the Plaintiffs are entitled to any trial. Mr. Rooker also seeks a jury trial of 12.

### Facts Common to All Claims

1-3. Denied.

4. At all times complained of, Mr. Rooker operated according to all personnel policies and state and federal laws. Mr. Rooker had no power over whether Mr. Day, the newly elected clerk, chose to renew the Plaintiffs' employment. It is admitted that Defendant Rooker at all times acted in his capacity as circuit court clerk until August 31, 2022, when his term as Clerk expired.

### Veronica Edmondson

5. Admitted that Plaintiff Edmondson was hired as a deputy circuit court clerk in January 2002.

6. Denied.

7. It is admitted that on August 31, 2022, Plaintiff Edmondson's term of employment as a deputy circuit court clerk ended as a matter of law. After that date she would have had to be sworn in by the newly elected Clerk for continued

employment. Mr. Day, as the newly elected clerk, had the only authority to renew her employment. Mr. Rooker had no authority to renew her employment. Plaintiff Edmondson knows she was not "terminated" by Mr. Rooker.

8-9. Admitted upon information and belief.

10. Denied that Plaintiff Edmondson had any cause or standing as a member of a protected class under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000(e), et seq.).

11. Denied as alleged.

12. Mr. Rooker is unaware who, if anyone, replaced Plaintiff Edmondson and therefore denies the same.

13. Denied.

14-15. Denied as alleged. However, upon information and belief Plaintiffs were forty years or older.

16. Mr. Rooker is unaware of who, if anyone, replaced Plaintiff Edmondson, or his or her age, and the allegations in this paragraph are therefore denied.

17. Paragraphs 13 and 17 are identical. As stated in paragraph 13, the allegations are denied.

18-19. Mr. Rooker is without knowledge and therefore denies the allegations in this paragraph. The forms, Exhibits A and B, speak for themselves.

20. Denied as alleged. It is admitted that Plaintiff Edmondson was a deputy court clerk for some years.

21. Mr. Rooker is without knowledge as to the comparable raises with others in the employ of the Davidson County Circuit Court Clerk's office, and therefore, the allegations in this paragraph are denied.

22. It is admitted that Plaintiff Edmondson on occasion received some satisfactory evaluations during her employment. To the extent that this paragraph implies that Plaintiff Edmondson's employment evaluations were uniformly satisfactory or favorable, it is denied, upon information and belief.

23-25. Plaintiff Edmondson's personnel file will reflect whether or not she had any disciplinary issues, representations made to the Clerk's office regarding her education, and salary. Mr. Rooker does not have access to the Plaintiffs' personnel files, and therefore the allegations in this paragraph are denied.

26. Mr. Rooker is without sufficient knowledge to admit or deny the allegations in this paragraph, and therefore, they are denied.

27. It is denied that Plaintiff Edmondson was employed as alleged. Mr. Rooker has no recollection of the other items alleged, and therefore, they are denied.

**Annecia L. Donigan**

28. It is admitted that Plaintiff Donigan was at one time offered employment as a deputy circuit court clerk.

29. It is admitted that in addition to other duties, Plaintiff Donigan generally performed duties related to the General Sessions Courts. It is denied that Plaintiff Donigan was employed as alleged.

30. It is admitted that on August 31, 2022, the terms of deputy clerks ended. It is denied that Plaintiff Donigan was "terminated" as alleged.

31-32. It is denied that Plaintiff Donigan was "terminated" as alleged. It is admitted that Plaintiff Donigan is a female and her age was in the forties.

33. Denied that Plaintiff Donigan had any factual standing as a member of a protected class under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000(e), et seq.).

34. Denied as alleged.

35. Mr. Rooker is unaware of who, if anyone, replaced Plaintiff Edmondson, and the allegations in this paragraph are therefore denied.

36. Denied.

37. It is admitted that Plaintiff Donigan was in her forties when her term expired. The remainder of this paragraph is a legal conclusion and need not be answered.

38. Denied as alleged.

39. Mr. Rooker is unaware of who, if anyone, replaced Plaintiff Edmondson, and the allegations in this paragraph are therefore denied.

40-48. These paragraphs are blank and therefore do not require an answer. Mr. Rooker's Answer follows the same numbering.

49. Paragraphs 36 and 49 are identical. As stated in paragraph 36, the allegations are denied.

50-51. Mr. Rooker is without knowledge and therefore denies the allegations in these paragraphs. Exhibits C and D speak for themselves.

52-58. Without accessing Plaintiff Donigan's personnel file, Mr. Rooker is without personal knowledge of the allegations in these paragraphs, and therefore, if relevant, denies the same. It is admitted that Plaintiff Donigan received some

*Page 5 of 17*

Case 3:23-cv-00209   Document 30   Filed 07/10/23   Page 5 of 17 PageID #: 172

satisfactory evaluations during her employment. To the extent that this paragraph implies that Plaintiff Donigan's employment evaluations were uniformly favorable, it is denied.

59. Mr. Rooker is without sufficient knowledge to admit or deny the allegations in this paragraph. It is denied Plaintiff Donigan was "terminated" as alleged.

**Edmondson and Donigan**

60. It is admitted that Mr. Rooker announced he would not seek re-election for the circuit court clerk position in September of 2021.

61. It is admitted that Mr. Rooker served as the duly elected circuit court clerk from 1993 until August 31, 2022. While totally irrelevant, it is also admitted that Mr. Rooker's father once served as the circuit court clerk. It is admitted that during Mr. Rooker's term he managed the circuit courts for the Tennessee 20th Judicial District and also managed the general sessions courts of Davidson County.

62. It is admitted that when Mr. Day expressed an interest in being the new clerk, Mr. Rooker said he believed, Mr. Day, who was a twenty-year employee of the office, would be a good circuit court clerk. The remaining allegations are denied.

63. Admitted that Mr. Rooker, as Clerk, oversaw and managed the staff of the circuit court clerk's office. The remaining allegations are denied.

64-66. Denied as alleged.

67. Mr. Rooker lacks sufficient information to admit or deny the allegations in this paragraph, therefore, they are denied.

68. Denied as alleged.

69. This paragraph contains a statement of the law to which no response is required. To the extent a response is required, the First Amendment to the United States Constitution speaks for itself.

70. Mr. Rooker does not know who, if anyone, the Plaintiffs supported in the Clerk's election. This paragraph consists of a legal conclusion, and Plaintiffs' interpretation of the same is therefore denied.

71. Admitted.

72. It is denied as alleged that Plaintiffs were "terminated from their positions" by anyone. It is admitted that Plaintiffs' terms of employment with the Circuit Court Clerk ended on August 31, 2022. The remaining allegations in this paragraph are denied.

73. It is denied that Plaintiffs were "terminated" as alleged by anyone. Upon information and belief, it is admitted that a few employees' terms of employment ended and were not re-sworn in around the same time as Plaintiffs' terms of employment ended.

74. It is denied that Plaintiffs were "terminated" as alleged. Mr. Rooker does not know who, if anyone, the Plaintiffs politically supported. Further, he lacks sufficient information to admit or deny the remaining allegations in this paragraph, and therefore, they are denied.

75. Denied.

76. Admitted that his term ended on August 31, 2022.

77. Denied.

78.     As aforesaid, it is denied that Plaintiffs were "terminated" by anyone. It is admitted that Plaintiff Day took no action to retain the Plaintiffs as clerks. The Plaintiffs knew that deputy clerks' terms of employment ended when the elected circuit court clerk's term ended. It is admitted that the Plaintiffs' terms of employment ended on August 31, 2022, when Mr. Rooker's term as circuit court clerk ended. It is admitted that Mr. Day elected not to swear in the Plaintiffs for another term.

79.     It is admitted that after Mr. Rooker's term had ended he had no power to swear in the Plaintiffs to work as deputy clerks during Mr. Day's term, and that the Plaintiffs were apparently not sworn in as deputy clerks by Defendant Day. It is denied that they had any legal right to be sworn in for another term.

80-82.  These paragraphs refer to a co-defendant and need not be answered by Mr. Rooker. However, it is denied that Defendant Metropolitan Government of Nashville and Davidson County, Tennessee, had the authority to reinstate the Plaintiffs in the Circuit Court Clerk's office.

83-84.  As aforesaid, it is denied as alleged that Plaintiff Edmondson was "terminated" by anyone as alleged. Mr. Rooker lacks sufficient information to admit or deny the remaining allegations in these paragraphs, and therefore, they are denied.

85-86.  These paragraphs consist of statements of law to which no response is required. To the extent a response is required, Art. I §§ 4 and 19 of the Tennessee Constitution speak for themselves.

87-88.  Denied.

89.     Admitted that the First Amendment applies to all United States Citizens.

90. This paragraph consists of statements of law to which no response is needed or required. To the extent a response is required, Plaintiffs' characterization of the law is denied.

91-94. Denied as alleged.

95-96. The Plaintiffs are aware of the fact that they were not "terminated" by Mr. Rooker. It is admitted that at the time the term of Plaintiffs' employment lapsed, their annual salaries were approximately $52,000.00, and they also received some medical benefits. The remaining allegations are denied.

97. This paragraph consists of a legal conclusion and therefore need not be answered.

98-101. Denied.

102. Admitted that the Plaintiffs are female but Mr. Rooker denies they have a cause of action pursuant to the Civil Rights Acts. Any remaining allegations or conclusions in this paragraph are denied.

103. Denied as alleged.

104. Mr. Rooker is unaware of who, if anyone, replaced the Plaintiffs, and the allegations in this paragraph are therefore denied.

105. It is denied that the Plaintiffs were "terminated" as alleged. The remaining allegations in this paragraph are denied.

106. Admitted upon information and belief that the Plaintiffs are over the age of 40 years but Mr. Rooker denies they have a cause of action pursuant to the ADEA.

107. This paragraph is grammatically confusing as written, and as such all allegations in this paragraph are denied.

108. It is unclear as to whom the "she" is that the male individuals were significantly younger than. Mr. Rooker is unaware of who, if anyone, replaced either Plaintiff, and the allegations in this paragraph are therefore denied.

109. Paragraphs 105 and 109 are identical. As stated in paragraph 105, it is denied that the Plaintiffs were "terminated" as alleged. The remaining allegations in this paragraph are denied.

110. It is adamantly denied that Plaintiffs' constitutional rights were violated. It is denied that they are entitled to any of the relief they seek.

## COUNT I: 42 U.S.C. § 1983

111. Mr. Rooker restates and incorporates his responses to the preceding allegations as if set forth herein verbatim.

112. Denied.

113. Mr. Rooker lacks sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

114 It is admitted that Defendant Day won election as the circuit court clerk for the 20th Judicial District of Tennessee on August 4, 2022. Mr. Rooker's term and the terms of the Plaintiffs expired on August 31, 2022.

115. It is denied that Plaintiffs were "terminated from their positions" as alleged. It is admitted that Plaintiffs' terms of employment with the Circuit Court Clerk's office ended on August 31, 2022.

116-117. These paragraphs consist of legal conclusions, and therefore, they are denied.

*Page 10 of 17*

Case 3:23-cv-00209    Document 30    Filed 07/10/23    Page 10 of 17 PageID #: 177

118-122. These paragraphs consist of a statement of Plaintiffs' legal conclusions to which no response is required. To the extent that a response is required, Plaintiffs' legal characterizations are denied.

123. Mr. Rooker is unaware of all the political activities of the Plaintiffs. Mr. Rooker lacks sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

124-131. Denied.

## COUNT II: 42 U.S.C. § 1985

132. Mr. Rooker restates and incorporates his responses to the preceding allegations as if set forth herein verbatim.

133. This paragraph consists of a statement of the Plaintiffs' legal understandings to which no response is required. To the extent that a response is required, Plaintiffs' characterization of the law is denied.

134-137. Denied.

## COUNT III: Violation of Title VII of the Civil Rights Act (42 U.S.C. § 2000(e))
## Sexual Discrimination

138. Mr. Rooker restates and incorporates his responses to the preceding allegations as if set forth herein verbatim.

139. Admitted that Plaintiffs are female. Denied that any of their rights were violated.

140. This paragraph consists of Plaintiffs' statements of law to which no response is required. To the extent a response is required, 42 U.S.C. § 2000(e)-2(a) speaks for itself.

141-142. It is denied that the length of the Plaintiffs' tenure is evidence of their right to be retained by the new elected clerk. Further, Mr. Rooker is without sufficient knowledge to admit or deny the allegations in this paragraph, and they are therefore denied.

143. It is denied that the Plaintiffs were "terminated" as alleged. The remaining allegations in this paragraph are denied.

144-147. Mr. Rooker is without sufficient knowledge to admit or deny the allegations in these paragraphs, and they are therefore denied. Further, Exhibits A, B, C, and D speak for themselves.

148-149. Denied as alleged.

150. Mr. Rooker denies that there were "actions taken by the Defendants against the Plaintiffs." It is admitted that the office was operated in compliance with all lawful policies, procedures and customs of the Defendant Metropolitan Government. All other allegations in the paragraph are denied.

151-153. Mr. Rooker is without sufficient knowledge to admit or deny the allegations in these paragraphs, and they are therefore denied. It is denied that Defendant Metropolitan Government's action or inaction as alleged is in any way relevant.

154. Denied.

## COUNT III: Violation of Age Discrimination in Employment Act (29 U.S.C. § 623 Age Discrimination

155. Mr. Rooker restates and incorporates his responses to the preceding allegations as if set forth herein verbatim.

156. It is denied the Plaintiffs were "terminated" as alleged. It is admitted that upon information and belief the Plaintiffs were over forty years of age. The remainder of this paragraph consists of statements of law to which no response is required. To the extent a response is required, 29 U.S.C. § 621 et seq. speaks for itself. All remaining allegations contained in the paragraph are denied.

157. Mr. Rooker is without sufficient knowledge to admit or deny the allegations in these paragraphs, and they are therefore denied.

158. This paragraph is confusing as written, and as such all allegations in this paragraph are denied. Additionally, as previously stated herein, Mr. Rooker is without knowledge as to who, if anyone, replaced either of the Plaintiffs.

159. It is denied that the Plaintiffs were "terminated" as alleged. The remaining allegations in this paragraph are denied.

160-163. Mr. Rooker is without sufficient knowledge to admit or deny the allegations in these paragraphs. Exhibit A, B, C, and D speak for themselves.

164-165. Denied as alleged.

166. Mr. Rooker denies that there were "actions taken by the Defendants against the Plaintiffs." It is admitted that the office was operated in compliance with all lawful policies, procedures and customs of the Defendant Metropolitan Government. All other allegations in the paragraph are denied.

167-168. Mr. Rooker is without sufficient knowledge to admit or deny the allegations in these paragraphs, and they are therefore denied. It is denied that Defendant Metropolitan Government's action or inaction as alleged is in any way relevant.

169. Denied.

## Prayer for Relief

It is denied that Plaintiffs are entitled to any of the relief they seek and should be taxed with all attorneys' fees and other costs incurred in defending this action.

## GENERAL DENIAL

Any allegation not specifically admitted in this Answer is hereby generally denied, and strict proof is demanded thereof.

## GENERAL AND AFFIRMATIVE DEFENSES

1. Defendant Rooker denies that Plaintiffs are entitled either legally or factually to any relief and asserts that this matter should be dismissed for failure to state a claim upon which relief can be granted. Both Plaintiffs knew that their terms of employment would end when Mr. Rooker's term ended on August 31, 2022, and that they would have to be re-sworn in by the incoming clerk, Mr. Day, to retain their employment.

2. Plaintiffs suffered no adverse employment action that could serve as the basis for any claim in this lawsuit.

3. Mr. Rooker did not violate any constitutional right or other federal or state right to which Plaintiffs might be entitled nor did he commit any act or omission that caused or contributed to any claim of alleged damages.

4. After co-defendant Day was elected, Mr. Rooker had no authority to continue the Plaintiffs' employment even if had wished to continue their employment. Thus his actions or inactions were legitimate, non-retaliatory, and without malice towards Plaintiffs.

5. Even if Plaintiffs engaged in protected speech, which is denied, non-renewal of their employment by Mr. Day was warranted and would have occurred notwithstanding any protected speech.

6. By virtue of Plaintiffs' positions as deputy circuit court clerks, individuals in those positions may be subject to non-renewal for political reasons, and, as such, Plaintiffs' retaliation and conspiracy claims fail.

7. Plaintiffs' claims are barred by estoppel, laches, and/or the applicable statute of limitations.

8. As constitutional officers of the state of Tennessee, the Defendants are cloaked with sovereign immunity.

9. Insofar as Mr. Rooker is sued in his official capacity as the circuit court clerk, he is not a "person" subject to liability under 42 U.S.C. § 1983 for any alleged constitutional violation.

10. Plaintiffs were not employees of Mr. Rooker within the meaning of the Civil Rights Act of 1964.

11. Plaintiffs are not entitled to nominal, compensatory, special, or punitive damages, fees, back pay, pre- or post-judgment interest; liquidated damages; reinstatement; or costs.

12. Mr. Rooker is entitled to a qualified immunity defense because his conduct did not violate any constitutional, statutory, or common-law rights of the Plaintiffs that were clearly established at the time their employment ended.

13. There being an absence of any clear constitutional violation, the judiciary should abstain from being involved in "political thickets" and should not exercise authority over clearly legitimate local government decisions.

14. Mr. Rooker reserves the right to add such other responses which may be revealed in discovery.

## **DEMAND FOR RELIEF**

Mr. Rooker having fully answered Plaintiff's Complaint states as follows:

1. That this cause be dismissed and held for naught, and that all costs caused by the bringing of these claims be borne by each Plaintiff, jointly and severally;

2. That the Court award him reasonable attorney's fees and costs incurred in the defense of this lawsuit pursuant to *Tennessee Code Annotated § 29-20-113* and the federal code;

4. That a jury of 12 hear all claims so triable; and

5. For such other relief to which he may be entitled.

Respectfully submitted,

*/s/ Hal Hardin*
Hal Hardin (#003101)
211 Union Street, Suite 200
Nashville, TN 37201
Telephone (615) 369-3377
hal@hardinlawoffice.com

*Attorney for Defendant Richard Rooker*

# CERTIFICATE OF SERVICE

I do hereby certify that a true and exact copy of the foregoing document has served either by electronic filing in the federal court electronic filing system or regular US mail, postage pre-paid, on this the 10th day of July, 2023, to the following:

*Attorney for the Plaintiffs:*
Paul Forrest Craig                               (pfcraig@bellsouth.net)
The Craig Law Firm
44 N. Second St., Ste. 600
Memphis, TN 38103

*Attorneys for Defendant Metropolitan Govt of Nashville, Davidson County, Tennessee AND Defendant John P. Day:*

Melissa S. Roberge, Senior Counsel         (melissa.roberge@nashville.gov)
John W. Ayers, Assistant Metropolitan Attorney   (will.ayers@nashville.gov)
Metropolitan Legal Department
108 Metropolitan Courthouse
PO Box 196300
Nashville, TN 37219

*/s/ Hal Hardin*
Hal Hardin